**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
　　　　 ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL LEPKOWSKI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAMELBAK PRODUCTS, LLC and CAMELBAK INTERNATIONAL, LLC,<br><br>　　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Rachel Lepkowski ("Plaintiff"), individually and on behalf of herself and all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.     This is a class action suit brought against Defendants CamelBak Products, LLC ("CamelBak Products") and CamelBak International, LLC ("CamelBak International") (collectively, "CamelBak") for manufacturing, distributing, and selling defective CamelBak eddy Water Bottles, including the CamelBak eddy Water Bottle 32 oz, CamelBak eddy Water Bottle 25 oz, CamelBak eddy Water Bottle 20 oz, Camelbak eddy Kids Water Bottle 12 oz, CamelBak Kids Vacuum Insulated Stainless Water Bottle 12 oz, CamelBak eddy Kids Insulated Water Bottle 12 oz,  CamelBak eddy Insulated Water Bottle 20 oz, CamelBak eddy Vacuum Insulated Stainless Water Bottle 20 oz, and CamelBak eddy Glass Water Bottle 24 oz (collectively, the "CamelBak eddy").

2.     CamelBak warranted that the CamelBak eddy is "spill-proof."  Among other representations, CamelBak claims that consumers who purchase the CamelBak eddy will "[e]njoy spill-proof sipping at work or on the trail."  However, the design of the CamelBak eddy is fundamentally defective.  The bottles are not "spill-proof" because water may run, flow, or fall out of the bottles.

3.     Plaintiff brings this action on behalf of herself and a class of all similarly situated purchasers of the CamelBak eddy in the United States for:  (i) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (ii) breach of express warranty; (iii) breach of the implied warranty of merchantability; (iv) unjust enrichment; (v) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; (vi) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (vii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (viii) negligent misrepresentation; and (ix) fraud.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

4.      Plaintiff Rachel Lepkowski is a natural person and citizen of the State of California who resides in Oakland, California.  Plaintiff Lepkowski purchased a CamelBak eddy Water Bottle 25 oz for approximately $15 from Sports Basement in Berkeley, California within the relevant time period.  Plaintiff Lepkowski visited Sports Basement on several occasions to look at its water bottle selection before purchasing the CamelBak eddy.  Prior to her purchase, Plaintiff Lepkowski reviewed the labeling, packaging, and marketing materials for the CamelBak eddy and saw the representation that it is purportedly "spill-proof."  Plaintiff Lepkowski understood these claims to be representations and warranties by Defendants that the CamelBak eddy is purportedly "spill-proof" and free of defects that would cause water to run, flow, or fall out of the bottle (*i.e.*, leak). Plaintiff Lepkowski reasonably relied on Defendants' representation that the CamelBak eddy is "spill-proof" when she purchased the CamelBak eddy.  However, Plaintiff Lepkowski's water bottle is defective because it leaks and has actually leaked during prior use.  Plaintiff Lepkowski relied on these representations and warranties in deciding to purchase her CamelBak eddy, and these representations were part of the basis of the bargain, in that she would not have purchased her CamelBak eddy if she had known that it was not, in fact, "spill-proof."  Plaintiff Lepkowski also understood that in making the sale, the retailer was acting with the knowledge and approval of CamelBak and/or as the agent of CamelBak.  Plaintiff Lepkowski also understood that her purchase involved a direct transaction between herself and CamelBak, because her CamelBak eddy came with packaging and other materials prepared by CamelBak, including representations and warranties that her CamelBak eddy is purportedly "spill-proof."

5.      Defendant CamelBak Products, LLC is a Delaware limited liability company with its principal place of business at 2000 South McDowell Suite 200, Petaluma, California.  CamelBak Products does business throughout California and the entire United States.  CamelBak Products is a market leader in hydration products, such as hydration packs and water bottles.

6.      Defendant CamelBak International, LLC is a California limited liability company with its principal place of business at 2000 South McDowell Suite 200, Petaluma, California. CamelBak Products does business throughout California and the entire United States.  CamelBak International is a market leader in hydration products, such as hydration packs and water bottles.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and a least one member of the proposed class is a citizen of a state different from Defendants.

8.      This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with the State of California as to essentially render them "at home" in this State, and Defendants' principal places of business are located in this State.  Moreover, Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of the Defendants' forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase of the CamelBak eddy.

9.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff resides in this District and purchased the CamelBak eddy in this District. Moreover, Defendants' principal place of business is located in this District.

## COMMON FACTUAL ALLEGATIONS

### A.      CamelBak's Repeated Representations That The CamelBak Eddy Is "Spill-Proof"

10.      The representation that the CamelBak eddy is "spill-proof" is core to Defendants' marketing for the CamelBak eddy, and it appears throughout the product's labeling and packaging.

11.     For example, Defendants' online webpage for the CamelBak eddy contains a video which states that "all CamelBak eddy bottles come with our spill-proof bite valve."  It goes on to state that "all bottles are spill-proof."



12.     Additionally, the CamelBak eddy is packaged for distribution with a cardboard hangtag. The cardboard hangtag states that the CamelBak eddy is "spill proof:"



13.     The claim that CamelBak eddy has a "spill-proof bite valve" appears on all CamelBak eddy packaging:



14.     CamelBak's website claims that consumers of the CamelBak eddy will "[e]njoy spill-proof sipping."

## DESCRIPTION

Enjoy spill-proof sipping at work or on the trail with the 0.75-liter CamelBak eddy® water bottle. 100% free of BPA, BPS and BPF.

15.     Similarly, Defendants' website features the following "specification" for the CamelBak eddy:

**CLOSURE:**                                Spill-Proof

16.     Commercial retailers also consistently and prominently represent that the CamelBak eddy is "spill-proof" on their retail websites.  For example, Target's website includes "spill-proof" as a feature of the product:

**Highlights**
- 100% free of BPA, BPS and BPF
- Holds 25oz/.75L
- Spill-proof
- Dishwasher Safe: All parts are top-rack dishwasher safe

Amazon features a similar representation:

Design!

Spill-Proof
Water Bottle

Integrated
Carry Loop

Bed Bath & Beyond's retail website also contains this representation:

**Details**

Keep your child happy without worrying about spills when he or she sips from the CamelBak Kid's eddy Goal! Water Bottle. Adorned with a fun airplane graphic, this water bottle features a one-piece drink valve that is a step up from a sippy cup.

- CamelBak Kid's eddy Water Bottle is a great step up from your little one's sippy cup
- Spill-proof

17.     Each of these representations are false and misleading. As discussed below, the CamelBak eddy is not "spill-proof" because it leaks.

//

//

//

//

//

//

**B.**   **Defendants Are Aware That The CamelBak Eddy Is Not "Spill-Proof."**

18.     The internet is replete with consumer complaints about the CamelBak eddy leaking.

For example, one victim wrote:

> Absolutely TERRIBLE.  This spills out the sides and down the bite valve.
> I purchased this yesterday, and opened it today. after I cleaned it and
> properly attached all the pieces, I drank out of it, to test it.  Without tilting
> the bottle, you cannot drink out of it because there is a huge gap between
> the valve and the straw.  The water doesn't directly flow from the straw
> to the valve so it leaks terribly.

Another victim wrote:

> Ive had this bottle for a few months now and it leaks.  …  [T]he bottle is
> leaking from the top even while its standing up so you can imagine that it
> cant even be on its side.

A third victim wrote:

> While the general construction quality was good, the lid would leak a lot.
> The leaking would mostly happen just after filling the bottle, and it was
> enough to be inconvenient – enough to fill up a gatorade bottle cap.  I
> know that doesn't sound like a lot, but a water bottle really shouldn't be
> leaking at all.

A fourth victim wrote:

> I bought this from a outdoor store 2 back in March and I used it 3 times
> before I realized that laying on it's side it would leak from the mouth
> piece.  I went on the products site to order a new cap, it came quickly and
> free of charge but this replacement all leaked the second I put it on.

19.     Defendants are aware of these complaints, and know that the CamelBak eddy is

prone to leaking.  For example, Defendants have acknowledged that the CamelBak eddy leaks

when exposed to a change in altitude:

> **Can I use the CamelBak® eddy™ in high-altitude/ low-pressure environments (i.e. airplanes, mountain altitudes, etc)?**
> Yes, but with special care because pressure can force liquid out through the straw.  Keep the bottle right side up with the bite valve in the closed position.  Remove the straw for additional protection. Expect a bit of "spurt" during the first sip.|You may also twist the cap open to release any pressure and then close before your first sip.

//

//

//

20.      Furthermore, Defendants' online Frequently Asked Questions ("FAQ") even contains a section on the CamelBak eddy leaking:

QUESTION

# HOW CAN I FIX MY LEAKY WATER BOTTLE?

---

### ANSWER

If your eddy bottle is leaking, you might have an object trapped in the vent valve. Turn the cap over, and look under the round, grey, rubber flap. If you carefully peel back the rubber seal and clean out the inner workings of the vent valve, the leak should stop. Important: Don't remove the rubber gasket for cleaning purposes, because it's impossible to reattach.

21.      Despite Defendants' knowledge of the leaking defect, they have not recalled the bottles or otherwise sought to remedy the fact that the bottles are not "spill-proof."  Instead, Defendants continue to prominently market the CamelBak eddy with the claim that the product is "spill-proof."

## CLASS ACTION ALLEGATIONS

22.      Plaintiff seeks to represent a class defined as all persons in the United States who purchased a CamelBak eddy (the "Class").  Excluded from the Class are persons who made such purchases for the purpose of resale.

23.      Plaintiff also seeks to represent a subclass of all Class Members who purchased a CamelBak eddy in the State of California (the "California Subclass").

24.      Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

25.      Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to, whether Defendants' labeling, marketing, and advertising is false and misleading; whether Defendants have violated the Magnusson-Moss Warranty Act 15 U.S.C. 2301, *et seq.*; whether Defendants have violated California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*; whether Defendants have violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, and have committed other tortious acts as described herein.

26.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased a CamelBak eddy in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

27.     Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class and Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

28.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues

29.     Plaintiff brings all claims in this action individually and on behalf of members of the Class and Subclass against Defendants.

1

**COUNT I**
**(Violation Of The Magnusson-Moss Warranty Act,**

2

**15 U.S.C. §§ 2301,** *et seq.***)**

3      30.      Plaintiff hereby incorporates by reference the allegations contained in all preceding

4    paragraphs of this complaint.

5      31.      Plaintiff brings this claim individually and on behalf of the members of the

6    proposed Class and Subclass against Defendants.

7      32.      The CamelBak eddy is a consumer product as defined in 15 U.S.C. § 2301(1).

8      33.      Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

9      34.      Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

10      35.      In connection with the sale of the CamelBak eddy, Defendants issued written

11    warranties as defined in 15 U.S.C. § 2301(6), which warranted that the CamelBak eddy was "spill-

12    proof."

13      36.      In fact, the CamelBak eddy is defective because it leaks.

14      37.       By reason of Defendants' breach of warranties, Defendants violated the statutory

15    rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C.

16    §§ 2301 *et seq.*, thereby damaging Plaintiff and Class members.

17      38.      Plaintiff and Class members were injured as a direct and proximate result of

18    Defendants' breach because:  (a) they would not have purchased the CamelBak eddy on the same

19    terms if the true facts were known about the product (b) they paid a price premium for the

20    CamelBak eddy due to Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy

21    did not have the characteristics as promised by Defendants.

22

**COUNT II**
**(Breach Of Express Warranty)**

23      39.      Plaintiff hereby incorporates by reference the allegations contained in all preceding

24    paragraphs of this complaint.

25      40.      Plaintiff brings this claim individually and on behalf of the members of the

26    proposed Class and Subclass against Defendants.

27

28

41.     Defendants, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the CamelBak eddy is "spill-proof."

42.     In fact, CamelBak eddy is not fit for such purpose because each of these express warranties are false and misleading.

43.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased the CamelBak eddy on the same terms if the true facts were known about the product (b) they paid a price premium for the CamelBak eddy due to Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy did not have the characteristics as promised by Defendants.

<u>**COUNT III**</u>
**(Breach Of Implied Warranty Of Merchantability)**

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

46.     Defendants, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the CamelBak eddy is "spill-proof."

47.     Defendants breached the warranty implied in the contract for the sale of the CamelBak eddy because they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, the goods were not fit for the ordinary purposes for which such goods are used, and the goods do not conform to the promises or affirmations of fact made on the label.  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

48.     Plaintiff and Class members purchased the CamelBak eddy in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

49.     The CamelBak eddy was not altered by Plaintiff or Class members.

50.     The CamelBak eddy was defective when it left the exclusive control of Defendants.

51.     Defendants knew that the CamelBak eddy would be purchased and used without additional testing by Plaintiff and Class members.

52.     The CamelBak eddy was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

53.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased the CamelBak eddy on the same terms if the true facts were known about the product (b) they paid a price premium for the CamelBak eddy due to Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy did not have the characteristics as promised by Defendants.

## COUNT IV
### (Unjust Enrichment)

54.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

56.     Plaintiff and Class members conferred benefits on Defendants by purchasing the CamelBak eddy.

57.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class member's purchases of the CamelBak eddy.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that the CamelBak eddy is "spill-proof."  This misrepresentation caused injuries to Plaintiff and Class members, because they would not have purchased the CamelBak eddy if the true facts were known.

58.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

//

//

//

1

2

**COUNT V**
**(Violation Of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq.*)**

3        59.        Plaintiff hereby incorporates by reference the allegations contained in all preceding

4     paragraphs of this complaint.

5        60.        Plaintiff brings this claim individually and on behalf of the members of the

6     proposed California Subclass against Defendants.

7        61.        California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits

8     "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

9     benefits, or quantities which they do not have or that a person has a sponsorship, approval, status,

10    affiliation, or connection which he or she does not have."

11       62.        California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits

12    "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods

13    are of a particular style or model, if they are of another."

14       63.        California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9),

15    disallows "[a]dvertising goods or services with intent not to sell them as advertised."

16       64.        Defendants violated this provision by misrepresenting that the CamelBak eddy is

17    "spill-proof."

18       65.        Plaintiff and the California Subclass suffered injuries caused by Defendants

19    because:  (a) they would not have purchased the CamelBak eddy on the same terms if the true facts

20    were known about the product (b) they paid a price premium for the CamelBak eddy due to

21    Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy did not have the

22    characteristics as promised by Defendants.

23       66.        On or about April 18, 2019, prior to filing this action, CLRA notice letters were

24    served on Defendants which complies in all respects with California Civil Code § 1782(a).

25    Plaintiff Lepkowski sent CamelBak Products and CamelBak International letters via certified mail,

26    return receipt requested, advising Defendants that they are in violation of the CLRA and

27    demanding that they cease and desist from such violations and make full restitution by refunding

28

the monies received therefrom.  A true and correct copy of Plaintiff Lepkowski's letter is attached hereto as Exhibit A.

67.      Wherefore, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and restitution of any ill-gotten gains due to Defendants' acts and practices, as well as injunctive relief for this violation of the CLRA.

**COUNT VI**
**(Violation Of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq.*)**

68.      Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

69.      Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

70.      Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

71.      Defendants' misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

72.      Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

73.      Defendants violated the "fraudulent" prong of the UCL by making misrepresentations about the CamelBak eddy, as described herein.

74.      Plaintiff and the California Subclass lost money or property as a result of Defendants' UCL violations because:  (a) they would not have purchased the CamelBak eddy on the same terms if the true facts were known about the product (b) they paid a price premium for the

CamelBak eddy due to Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy did not have the characteristics as promised by Defendants.

## COUNT VII
### (Violation Of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq.*)

75.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

76.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

77.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

78.    Defendants committed acts of false advertising, as defined by §17500, by misrepresenting that the CamelBak eddy is "spill-proof."

79.    Defendants knew or should have known, through the exercise of reasonable care that their representations about the CamelBak eddy were untrue and misleading.

80.    Defendants' actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

81.    Plaintiff and the California Subclass lost money or property as a result of Defendants' FAL violations because:  (a) they would not have purchased the CamelBak eddy on the same terms if the true facts were known about the product (b) they paid a price premium for CamelBak eddy due to Defendants' promises that it was "spill-proof;" and (c) the CamelBak eddy did not have the characteristics as promised by Defendants.

**COUNT VIII**
**(Negligent Misrepresentation)**

82.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

83.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

84.     As discussed above, Defendants misrepresented that the CamelBak eddy is "spill-proof."

85.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

86.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about the CamelBak eddy.

87.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the CamelBak eddy.

88.     Plaintiff and Class members would not have purchased the CamelBak eddy if the true facts had been known.

89.     The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT IX**
**(Fraud)**

90.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

91.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

92.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about the CamelBak eddy

being "spill-proof."  These misrepresentations and omissions were made with knowledge of their falsehood.

93.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the CamelBak eddy.

94.     The fraudulent actions of Defendants caused damage to Plaintiff, Class members, and Subclass members who are entitled to damages and other legal and equitable relief as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

b.     For an order declaring the Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff, the Class, and the Subclass on all counts asserted herein;

d.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For injunctive relief as pleaded or as the Court may deem proper;

h.     For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

i.     Damages, restitution, and/or disgorgement in an amount to be determined at trial; and

j.     For such other and further relief as the Court may deem proper.

1

## **DEMAND FOR TRIAL BY JURY**

2        Plaintiff demands a trial by jury of all issues so triable.

3

4    Dated:  August 8, 2019                    Respectfully submitted,

5                                              **BURSOR & FISHER, P.A.**

6                                              By:  ___/s/ *Neal J. Deckant*___
                                                         Neal J. Deckant
7
                                              L. Timothy Fisher (State Bar No. 191626)
8                                             Neal J. Deckant (State Bar No. 322946)
                                              1990 North California Boulevard, Suite 940
9                                             Walnut Creek, CA  94596
                                              Telephone: (925) 300-4455
10                                            Facsimile:  (925) 407-2700
                                              E-Mail: ltfisher@bursor.com
11                                                        ndeckant@bursor.com

12                                            **BURSOR & FISHER, P.A.**
                                              Scott A. Bursor (State Bar No. 276006)
13                                            2665 S. Bayshore Dr., Suite 220
                                              Miami, FL 31333
14                                            Telephone: (305) 330-5512
                                              Facsimile:  (305) 676-9006
15                                            E-Mail: scott@bursor.com

16
                                              *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Neal J. Deckant, declare as follows:

      1.     I am counsel for Plaintiff, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

      2.     The complaint filed in this action is filed in the proper place for trial because Defendants have continuous and systematic contacts with the State of California as to essentially render them "at home" in this State, and Defendants' principal places of business are located in this State.  Moreover, Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of the Defendants' forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase of the CamelBak eddy.  Plaintiff also resides in this District.

      3.     Plaintiff Lepkowski alleges that she purchased a CamelBak eddy Water Bottle 25 oz for approximately $15 from Sports Basement in Berkeley, California within the relevant time period.  *See* Compl. ¶ 4.  Prior to her purchase, Plaintiff reviewed the labeling, packaging, and marketing materials for the CamelBak eddy and saw the representation that it is purportedly "spill-proof."  *See id.*  Plaintiff Lepkowski understood these claims to be representations and warranties by Defendants that the CamelBak eddy is purportedly "spill-proof" and free of defects that would cause water to run, flow, or fall out of the bottle (*i.e.*, leak).  *See id.*  Plaintiff Lepkowski reasonably relied on Defendants' representation that the CamelBak eddy is "spill-proof" when she purchased the CamelBak eddy.  *See id.*  However, Plaintiff Lepkowski's water bottle is defective because it leaks and has actually leaked during prior use.  *See id.*

      4.     Plaintiff alleges that Defendants' misrepresentations played a substantial part, and so had been a substantial factor, in her decision to purchase a CamelBak eddy, in that "she would not have purchased her CamelBak eddy if she had known that it was not, in fact, 'spill-proof.'"  *See id.*

1    I declare under the penalty of perjury under the laws of the United States and the State of

2   California that the foregoing is true and correct, executed on August 8, 2019 at Walnut Creek,

3   California.

4

5

6                                                    _____/s/ Neal J. Deckant_____
                                                          Neal J. Deckant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# BURSOR & FISHER

P.A.

**1990 N. California Blvd.**
**Suite 940**
**Walnut Creek, CA 94596**
**www.bursor.com**

**Neal J. Deckant**
Tel: 925-300-4455
Fax: 925-407-2700
ndeckant@bursor.com

April 18, 2019

*Via Certified Mail – Return Receipt Requested*

CamelBak Products, LLC
2000 S. McDowell Blvd.
Suite 200
Petaluma, CA 94954

CamelBak International, LLC
2000 S. McDowell Blvd.
Suite 200
Petaluma, CA 94954

Re:   *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;*
      *the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; and*
      *California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, et seq.*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by CamelBak Products, LLC and CamelBak International, LLC (collectively, "CamelBak") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties related to our client, Rachel Lepkowski, and a class of all similarly situated purchasers of CamelBak eddy Water Bottles, including the CamelBak eddy Water Bottle 32 oz, CamelBak eddy Water Bottle 25 oz, CamelBak eddy Water Bottle 20 oz, Camelbak eddy Kids Water Bottle 12 oz, CamelBak Kids Vacuum Insulated Stainless Water Bottle 12 oz, CamelBak eddy Kids Insulated Water Bottle 12 oz, CamelBak eddy Insulated Water Bottle 20 oz, CamelBak eddy Vacuum Insulated Stainless Water Bottle 20 oz, and CamelBak eddy Glass Water Bottle 24 oz (the "Class").  This letter also serves as a notice of violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*, including subsections § 1770(a)(5), (7), and (9), and all other applicable federal and state laws.

Our client purchased a CamelBak eddy Water Bottle 25 oz, which CamelBak repeatedly misrepresented and warranted was "spill-proof."  Our client understood this to mean that water would not run, flow, or fall out of her CamelBak eddy water bottle (*i.e.*, leak).  However, due to a defect, CamelBak eddy Water Bottles leak, and have actually leaked for our client during prior use.  Accordingly, CamelBak violated the California CLRA and breached express and implied warranties made to our client and the Class.  *See* U.C.C. §§ 2-313, 2-314; California Civil Code §§ 1750, *et seq.*

On behalf of our client and the Class, we hereby demand that CamelBak immediately (1) issue a mandatory recall of CamelBak eddy Water Bottles and (2) make full restitution to all purchasers of the CamelBak eddy of all purchase money obtained from sales thereof.

We also demand that CamelBak preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.     All documents concerning the design, packaging, labeling, manufacturing, and redesign process for the CamelBak eddy Water Bottles;

2.     All tests of the CamelBak eddy Water Bottles, whether performed by CamelBak or any other third-party entities;

3.     All documents concerning the pricing, advertising, marketing, and/or sale of the CamelBak eddy Water Bottles;

4.     All communications with customers involving complaints or comments concerning the CamelBak eddy Water Bottles;

5.     All documents concerning communications with any retailer involved in the marketing or sale of the CamelBak Water Bottles; and

6.     All documents concerning the total revenue derived from sales of the CamelBak eddy Water Bottles.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Neal J. Deckant