| | |
|---|---|
| **RACHEL LEPKOWSKI,**<br>Plaintiff,<br>v.<br>**CAMELBAK PRODUCTS, LLC, ET AL.,**<br>Defendants. | Case No. 19-cv-04598-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 18 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Rachel Lepkowski brings this action against defendants CamelBak Products, LLC and CamelBak International LLC (collectively, "CamelBak"). Lepkowski brings an amended class action complaint concerning all CamelBak eddy water bottles, and alleges violations of various consumer protection laws as to the bottles' "spill-proof" claims. (Dkt. No. 16 at 2.) Specifically, Lepkowski brings nine claims including: (i) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (ii) breach of express warranty; (iii) breach of the warranty of merchantability; (iv) unjust enrichment; (v) violation of California's Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; (vi) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 172000, *et seq.*; (vii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, (viii) negligent misrepresentation; and (ix) fraud.

Now before the Court is CamelBak's motion to dismiss Lepkowski's first amended class action complaint. Having carefully reviewed the pleadings, the papers submitted on each motion, the parties' oral arguments at the hearing held on December 10, 2019, and for the reasons set forth more fully below, the Court concludes that the Lepkowski lacks Article III standing to pursue the claims in this matter. Accordingly, the Court **GRANTS** CamelBak's motion to dismiss Lepkowski's first amended class action complaint.

**I.      RELEVANT BACKGROUND**

The Court limits the following summary to the facts relevant in deciding the disposition of this motion.

On May 16, 2019, counsel for CamelBak, Todd Maiden, sent a letter in response to a prior letter sent by Lepkowski on April 18, 2019. (Dkt. No. 18-1 at 13-14 (Maiden Decl., Ex. B).) In this letter, Maiden writes that CamelBak has "unconditionally sent Ms. Lepkowski . . . a new 25 ounce Camelbak Eddy Water Bottle as a free replacement for Ms. Lepkowski's Water Bottle (attached)." (*Id.*) Further, "also enclosed with th[e] letter [was] an unconditional refund check made payable to Ms. Lepkowski in the amount of $20.00, which [was] intended to be more than she paid for her water bottle at Sports Basement," and which estimate was based on a webpage showing a price of $14.00 for the product, and adding an additional $6.00 to conservatively cover additional sales tax or price variation. (*Id.*; *see also* Dkt. No. 18-1 at 15 (check), 16 (shipping label).)[1]

On August 5, 2019, counsel for Lepkowski, Neal Deckant, responded stating that he "discussed [CamelBak's] settlement offer with Ms. Lepkowski and she has decided to reject it." (Dkt. No. 18-1 at 18 (Maiden Decl., Ex. C).) Deckant indicated that he would be returning the 25 ounce CamelBak Eddy water bottle and the $20.00 check, and that a complaint would be filed.

On August 22, 2019, Maiden reiterated that the replacement bottle and the $20.00 check were sent "unconditionally to Ms. Lepkowski." (Dkt. No. 18-1 at 20 (Maiden Decl., Ex. D).) Maiden's letter stated that "[n]o settlement offer was ever made to Ms. Lepkowski and CamelBak has requested no agreement of any kind or any consideration from Ms. Lepkowski." (*Id.*) The check and water bottle were sent back to Lepkowski and Maiden indicated that Lepkowski was "free to enjoy them or do whatever she wants with them if she does not want to keep them herself." (*Id.*; *see also id.* at 21-22 (check and shipping label).)

On August 8, 2019, Lepkowski commenced this lawsuit by filing her initial class action complaint. (Dkt. No. 1.) The operative first amended class action complaint was filed on October 21, 2019. (Dkt. No. 16.) CamelBak moved to dismiss this operative complaint on November 4,

---

[1] While some of the letter's language may have suggested a conditional offer to resolve the parties' dispute, (*see* Dkt. No. 18-1 ("Confidential – Settlement Communication")) the Court finds, based on the substance of the letter, that CamelBak's unrestricted delivery of the check and eddy water bottle to Lepkowski were in fact unconditional payments.

2

2019. (Dkt. No. 18.)

## II. LEGAL STANDARDS

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Federal courts are of "limited jurisdiction" and plaintiff bears the burden to prove the requisite federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004). Thus, in a factual 12(b)(1) motion, the Court may consider evidence outside the complaint to resolve factual disputes in the process of determining the existence of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Courts consequently need not presume the truthfulness of a plaintiff's allegations in such instances. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

## III. MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

CamelBak moves to dismiss Lepkowski's complaint under Rules 12(b)(1) and (b)(6). Because the Court concludes that Lepkowski lacks standing under Rule 12(b)(1), the Court limits its discussion and analysis to Rule 12(b)(1), and declines to address CamelBak's remaining arguments under Rule 12(b)(6).

Article III of the United States Constitution provides that federal courts may only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2. The constitutional standing inquiry "focuses on whether the plaintiff is the proper party to bring this suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,*—— U.S. ——, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016), citing *Lujan v. Defenders of*

3

*Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In multi-count actions, standing is analyzed on a claim-by-claim basis. *Allen v. Wright*, 468 U.S. 737, 752 (1984).

Camelback contends that Lepkowski has not alleged a concrete injury. The Court agrees. Here, Lepkowski was fully compensated both the monetary value of the CamelBak eddy water bottle as well as further sent a replacement water bottle prior to the initiation of any lawsuit. In such circumstances, courts have routinely found that similarly situated plaintiffs lack standing to pursue monetary claims. *See Luman v. Thiesmann*, 647 Fed.Appx. 804, 806-07 (9th Cir. 2016) ("[Individual] filed his complaint two months after he received a monetary refund from [company], and therefore no longer met the injury-in-fact requirement for standing at the time he filed his complaint. . . . Though the district court dismissed [individual's] claims as moot, [individual] never had standing to pursue monetary relief in the first place."); *Becker v. Skype Inc.*, Case No. 5:12-cv-06477-EJD, 2014 WL 556697, at *2 (N.D. Cal. Feb. 10, 2014) (dismissing claims where plaintiff received a full refund prior to filing lawsuit); *Epstein v. JPMorgan Chase & Co*, No. 13 Civ. 4744 (KPF), 2014 WL 1133567, at *5 (S.D.N.Y. Mar. 21, 2014) ("That Plaintiff received the Refund Check demonstrates the absence of any 'actual' injury on which Plaintiff's standing could be established."); *Demmler v. ACH Food Cos., Inc.*, No. 1:15-cv-13556-LTS, at p. 3-4 (D. Mass. June 9, 2016) (holding court lacked subject matter jurisdiction where court could not offer "individually any more relief on his underlying claim than [defendant] provided when it tendered the $75 check").

Furthermore, to the extent that Lepkowski argues she did not accept CamelBak's offer as she has maintained both $20 and the replacement bottle in escrow, courts have routinely rejected similar arguments. *See Epstein*, 2014 WL 1133567 at *7 ("The Court cannot accept Plaintiff's contention that by neither requesting nor cashing the Refund Check, he has somehow created standing. To do so would not only render hollow the injury-in-fact requirement, but would also engender a disincentive among potential litigants to attempt legitimately to resolve disputes without judicial intervention."); *Demmler*, No. 1:15-cv-13556-LTS, at p. 8 ("[Plaintiff's] refusal to accept the $75 is immaterial. The question under Article III is whether a live case or controversy exists, and the mere fact that [plaintiff] did not accept unconditionally-provided remediation does

4

not extend the life of the dispute.").

Lepkowski's cited authority do not persuade otherwise as they focus on defendant's settlement offers made *during* the pendency of a lawsuit. There, the offer does not moot the claims at issue. *See Craftwood II, Inc. v. Tomy Intern., Inc.*, No. SA CV 12-1710 DOC (ANx), 2013 WL 3756485, at *1, 3-4 (C.D. Cal. July 15, 2013) (settlement offer more than one year after plaintiff filed suit did not moot case); *Jenkins v. Pech,* 301 F.R.D. 401, 403, 407-08 (D. Neb. 2014) (Rule 68 offer of judgment tendered prior to class certification did not render case moot); *Family Medicine Pharmacy, LLC v. Perfumania Holdings, Inc.*, Case No. 15-0563-WS-C, 2016 WL 3676601, at *6 (S.D. Ala. July 5, 2016) (Rule 68 offer of judgment could not "derail a class action at its inception"); *Ung v. Universal Acceptance Corp.*, 190 F. Supp. 3d 855, 856, 863-64 (D. Minn. 2016) (settlement check tendered shortly before class certification motion did not moot individual or class claims); *Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 954-55 (9th Cir. 2013) (offer of judgment after failed motion for class certification did not moot remaining individual claims). Here, Lepkowski was made whole *prior* to any lawsuit. Therefore, these cases of offers made *during* the lawsuit are inapposite.

Moreover, the Court concludes that Lepkowski has not appropriately alleged sufficient facts to demonstrate the availability of injunctive relief. To establish standing on this basis, a plaintiff must demonstrate that she is "realistically threatened by a repetition of the violation." *Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006). In consumer actions such as this, "[i]n some cases, the threat of future harm may the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018). "In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970.

Lepkowski concedes—repeatedly—that she would not have purchased her water bottle if she had known that it was not, in fact, "spill-proof." (Dkt. No. 16 at ¶¶ 4, 44 49, 63, 71, 81, 88.)

5

Numerous courts faced with similar allegations and facts have held that absent a plausible allegation suggesting that a plaintiff intends to purchase the products in the future, they cannot establish the requisite likelihood of future injury needed to have standing to pursue injunctive relief. *See Luman*, 647 Fed. App'x at 807 ("To maintain standing, Plaintiffs must show a sufficient likelihood that they will be injured by NAC again in a similar way and that the future injury can be redressed by injunctive relief. . . . Because Plaintiffs do not allege that they intend to purchase SBP in the future, they cannot demonstrate a likelihood of future injury."); *Lanovaz v. Twinings N. Am., Inc.*, Case No. 12-cv-02646-RMW, 2016 WL 4585819, at *4-5 (N.D. Cal. Sept. 2, 2016); *Rahman v. Mott's LLP*, Case No. CV 13-3482 SI, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014); *see also Delarosa v. Boiron, Inc.*, No. SACV 10-1569-JST, 2012 WL 8716658, at *4 (C.D. Cal. Dec. 28, 2012); *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM (DHB), 2013 WL 1969957, at *2-5 (S.D. Cal. May 13, 2013). Thus, the Court concludes Lepkowski lacks standing to bring claims for injunctive relief.

Accordingly, the Court concludes that Lepkowski lacks standing to bring claims for monetary and injunctive relief, and that CamelBak's motion to dismiss is appropriately granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** CamelBak's motion to dismiss Lepkowski's first amended class action complaint. In light of this analysis, the Court does not believe that amendment to the complaint is possible. However, in light of plaintiff's request, leave to amend is **GRANTED** as long as such amendment can be made consistent with Rule 11. To the extent plaintiff decides to file an amended complaint, the same shall be filed no later than **January 17, 2020**. Failure to do so will result in a *sua sponte* dismissal with prejudice effective **January 21, 2020**.

This Order terminates Docket Number 18.

**IT IS SO ORDERED.**

Dated: December 12, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**